**STATE ex rel. The EMPIRE DISTRICT ELECTRIC COMPANY, A Corporation, Relator-Appellant,**

v.

**PUBLIC SERVICE COMMISSION OF the STATE OF MISSOURI, Respondent.**

**No. WD 31842.**

Missouri Court of Appeals, Western District.

March 30, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 4, 1981.

Application to Transfer Denied June 8, 1981.

Robert L. Hawkins, Jr., W. R. England, III, and Johnny K. Richardson, of Hawkins, Brydon & Swearengen, P. C., Jefferson City, for relator-appellant.

Kent M. Ragsdale and Holly E. Peck, Jefferson City, for respondent.

Before DIXON, P. J., and KENNEDY and NUGENT, JJ.

PER CURIAM:

This is an appeal from a circuit court judgment affirming an order of the Public Service Commission. This order established new rate schedules for appellant utility. The appeal is dismissed.

Appellant presents several alleged errors, but primarily argues that this court should retain jurisdiction for purposes of discussion and disposition that (a) accrued interest on bonds as an offset to appellant's working capital and (b) the use by the P.S.C. of outdated average bond yield in computing the rate of return are matters of general public interest.

■ These items (a) and (b) do not comport with the requirement of issues of general public interest. They are not in and of themselves methods which heretofore have not been utilized as part of the overall determination of the rate base design. In addition, the challenge made to the outdated average yield on bonds is not supported by the evidence. In the instant case, the dispute arises over disagreement between the parties concerning the value of the yield as that percentage of yield related to the test year (1978) and the disputed evidence that yield was averaging an increase with anticipated future increases. This was but a factual determination to be made by respondent from all of the evidence upon the record.

■ This court cannot afford immediate relief to either party herein because of the prohibition against retroactive ratemaking, see *State ex rel. Utility Consumers Council of Missouri, Inc. v. Public Service Commission of Missouri*, 585 S.W.2d 41 (Mo. banc 1979). This court can, however, exercise jurisdiction in such proceedings upon issues of general public interest, and effect prospective application of its judgment on questions of general public interest whenever such questions are recognized and the applicability thereof is found to exist, see *Laclede Gas Company v. Public Service Commission of Missouri*, 600 S.W.2d 222 (Mo.App.1980), appeal dismissed —— U.S. ——, 101 S.Ct. 848, 66 L.Ed.2d 795 (1981). The issues, as presented by appellant, are not matters of general public interest.

In the instant case, the parties agree appellant applied for and received a rate schedule adjustment during the pendency of these proceedings. Appellant argues that such interim adjustment should have no bearing upon the issues in this appeal. Appellant further argues and emphasizes the long delay encountered between the time a new rate schedule is presented and the final disposition of the issue. This court observed similar lengthy durations in the *Laclede Gas* decision.

This court is not in a position to resolve the issue of delay or long lapse of time encountered in such proceedings and is left with the disposition of such matters within

the confines of *Utility Consumers Council* and *Laclede Gas, supra.*

Since the issues presented by appellant relate to matters which do not rise to questions of general public interest for the reasons set forth above, they present no viable issue before this court and are moot, see *Laclede Gas, supra.*

The appeal is dismissed.